Moss, Judge,
delivered the opinion of the court:
On January 6, 1912, an agreement was entered into between one J. L. Huye and plaintiff, Charles B. Long, and the Lancaster Trust Company, trustee, under the terms of which plaintiff Long contracted to purchase and pay for 184 shares of stock of the Champion Blower & Forge Company, then owned by J. L. Huye. Said stock was endorsed in blank and deposited with the Lancaster Trust Company, trustee, to be held until paid for in the manner provided in said trust agreement, a copy of which is attached to the petition as a part thereof marked for identification “ Exhibit A.” It was provided in said trust agreement that plaintiff should pay the sum of $230,000 for said stock, payable in semiannual installments of $1,500 with an option in the purchaser to increase any installment, the entire purchase price to be paid on or before April 1, 1924. The trust company held the stock, collected the dividends on same, which, by the terms of the agreement, were credited to the “Huye-Long trust.” It collected the installment payments and paid same over to Huye, and on April 1 each year it delivered to plaintiff Long such stock as had been paid for. The stipulation of facts herein sets forth the transfers of stock from the trust company to the plaintiff, and shows that the final transfer occurred on August 28,1919, at which time the trust was closed and plaintiff became the full owner of the 184 shares of stock.
Plaintiff included in his tax returns for 1911, 1918, and 1919 only such dividends as were derived from shares of stock for which plaintiff had paid, and which had been transferred on the books of the issuing company and delivered to plaintiff. The Commissioner of Internal Revenue, in the belief that all dividends which had been paid to the trust company constituted income to plaintiff, assessed against him additional tax in the sum of $6,023.08. We think the action of the commissioner in this regard was correct. The additional tax was paid under protest, and this action is for the recovery of said amount.
*480 The sole question to be determined is whether or not dividends paid to the Lancaster Trust Company, trustee, on shares of stock which had not been transferred and delivered to plaintiff constitute taxable income to plaintiff for the years in question.
Plaintiff contends that the title to the stock remained in the seller, Huye, until transferred on the books and delivered to plaintiff, and announces the principle that dividends declared by a corporation belong to the owner of the stock at the time the dividends are declared, citing certain cases in support of that theory. The determination of this question as a general principle of law is not important in the decision of the case. The whole transaction became the subject matter of the contract, by which the rights of the parties are to be determined.
The stock which formed the basis of the transaction now under consideration was deposited with the trustee only as security for the payment of the agreed purchase price. Throughout the life of the agreement plaintiff was the beneficial owner of the stock, the bare legal title being held by the trustee, to secure the seller, Huye, in the payment of the purchase price of the stock. At all times plaintiff, Long, received the benefit of all dividends paid into, the hands of the trustee, which dividends were applied, first, to the payment of interest, and the remainder, if any, to the discharge of the principal indebtedness. The disposition of the dividends paid in under the trust agreement was not affected by the question of the actual transfer of the stock paid for, and the delivery of same, on stated periods, to plaintiff. Nor does the provision with reference to voting rights in the stock affect the question of dividends, which, under the contract, were applied to plaintiff’s indebtedness without any condition or restriction whatever. The only purpose of the provision concerning the voting of the stock was as stated in the agreement, “to the end and purpose that Huye shall always have increasingly more security in stock than at the time of executing this agreement.” Plaintiff was taxable for the years in question on all dividends paid *481 to the Lancaster Trust Company under the agreement in ■question. Judgment for the defendant will be entered, and .it is so adjudged and ordered.
Sinnott, Judge; Geeen, Judge; Gkaham, Judge, and 'JBooth, Chief Justice, concur.